IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00373-WJM-STV

CELIA RANKIN, and
R. TODD RANKIN,

  Plaintiffs,

v.

USAA CASUALTY INSURANCE COMPANY,

  Defendant.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Defendant's Motion to Strike Untimely Disclosed Trial Witnesses McLean, Tatlah, Wegen, and Michelson (the "Motion") [#68], which was referred to this Court [#69]. The Court has considered the Motion and related briefing, arguments made at the June 8, 2017, Motion Hearing, the case file, and the applicable case law. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

**I.  BACKGROUND**

This case arises out of an insurance coverage dispute between Plaintiffs and their homeowner's insurance provider, Defendant, related to water damage sustained by Plaintiffs' log-style vacation home on February 25, 2014. [#6 at 1] Relevant to the instant Motion, Plaintiffs contend that the water leak caused checking (cracking) to the log walls of the vacation home necessitating the replacement of the purportedly

1

damaged logs. [#68 at 1-2; #71 at 1-2] Defendant contends that the checking pre-dated and/or was not caused by the water damage. [#68 at 2; #54-12 at 4; #54-13 at 3]

On March 16, 2017, Plaintiffs served Defendant with their Fifteenth Supplemental F.R.C.P. 26(e) Disclosures, which identified four additional individuals likely to have discoverable information that Plaintiffs may use to support their claims. [#68-1] Those individuals—Charandeep Tatlah, Keith Wegen, Paul Mikkelson, and Norm McLean (collectively, the "Newly Disclosed Witnesses")—were each identified as having knowledge of the condition of Plaintiffs' vacation home prior to the water damage in February 2014. [*Id.*] On the same day, Plaintiffs also identified the Newly Disclosed Witnesses as "may call" witnesses in their proposed trial-witness list. [#68 at 2]

On April 27, 2017, Defendant filed the instant Motion. [#68] Defendant contends that the disclosure of the Newly Disclosed Witnesses on March 16, 2017—more than four months after the close of discovery—was untimely and thus that the Newly Disclosed Witnesses should be stricken from Plaintiffs' witness list pursuant to Federal Rule of Civil Procedure 37(c)(1). [*Id.* at 2] On May 18, 2017, Plaintiffs filed their response, arguing that the disclosure was timely because Plaintiffs had no intention to call any of the Newly Disclosed Witnesses prior to their disclosure and, even if untimely, any prejudice to Defendant is readily cured by allowing Defendant to depose the Newly Disclosed Witnesses. [#71] On June 1, 2017, Defendant filed its reply in support of the Motion [#74] and, on June 8, 2017, this Court heard oral argument on the Motion [#75].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides, in relevant part:

(a) Required Disclosures.

    (1) *Initial Disclosure*.

        (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

            (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

...

(e) Supplementing Disclosures and Responses.

    (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

        (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

        (B) as ordered by the court.

The Advisory Committee Notes to the 2000 Amendments to Rule 26(a) explain that the amendments narrow the initial disclosure obligation such that a party is "no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." The Advisory Committee Notes further clarify, however, that "[t]he disclosure obligation attaches *both* to witnesses and documents a party intends to use *and also to* witnesses and to documents the party intends to use if . . . 'the need arises'" (emphasis added).

Federal Rule of Civil Procedure 37(c) states, in relevant part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999) (quotation omitted). The Tenth Circuit has identified the following four factors for the Court to consider in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the non-disclosing party's bad faith or willfulness. *Id.*

### III. ANALYSIS

#### A. Timely Disclosure under Rule 26

Plaintiffs first argue that Rule 37(c) is inapplicable, because Plaintiffs' disclosure of the Newly Disclosed Witnesses was not untimely under Rule 26. [#71 at 3-6] Specifically, Plaintiffs contend that they were not required to disclose the Newly Disclosed Witnesses until they made the determination that they might call the individuals as witnesses at trial, and Plaintiffs purportedly "had no intention to call any of the 4 witnesses in question prior to their disclosure." [*Id.* at 5] Instead, according to Plaintiffs, "[t]hey simply did not suspect they *may* call these witnesses and only considered the possibility of calling them after a thorough review of the challenges to

4

the plaintiffs' credibility that [Defendant] has put forth in its [Motion for Partial Summary Judgment]." [*Id.*]

As the Advisory Committee Notes to Rule 26(a) make clear, however, Plaintiffs were required to disclose not only those witnesses that they presently intended to call to testify but *also* those witnesses that they may call to testify "if the need arises." Plaintiffs have been aware that Defendant disputed their account of the pre-loss condition of the logs in the house throughout this litigation.[1] Plaintiffs fail to identify any specific information disclosed for the first time in Defendant's Motion for Partial Summary Judgment that caused Plaintiffs to locate and disclose the Newly Disclosed Witnesses. To the extent new arguments challenging Plaintiffs' credibility were raised in the Motion for Partial Summary Judgment, this still does not justify Plaintiffs' failure to disclose the Newly Disclosed Witnesses prior to the close of discovery. Given that Defendant disputed Plaintiffs' account of the pre-loss condition of the logs, Plaintiffs clearly should have anticipated that the "need may arise" for them to call additional witnesses to support their position.

Moreover, Plaintiffs acknowledge that "one of the main purposes of the requirement to disclose witnesses that the disclosing party may use to support its claims or defenses is to assist other parties in deciding which depositions will actually be needed." [#71 at 5 (internal quotations omitted)] This purpose would be undermined entirely if, as Plaintiffs contend here, parties were permitted to delay until after the close of discovery the decision of which witnesses they may call to testify at trial. The

---

[1] At the Motion Hearing, counsel for Plaintiffs conceded that the condition of the logs before and after the water damage has been a "central part" of the parties' dispute since even before this lawsuit was filed.

5

subjective standard advocated by Plaintiffs would reward parties that fail to exercise diligence in anticipating and timely disclosing the witnesses they may call to testify "if the need arises." Decisions in this District make clear that counsel must exercise diligence in identifying and disclosing potential witnesses prior to the close of discovery. *See, e.g.*, *Smith v. Aurora Pub. Sch.*, 318 F.R.D. 429, 432 (D. Colo. 2016) (imposing Rule 37(c) sanction where "summary judgment proceedings forced counsel to finally focus on the merits of the case and prompted further investigation" that resulted in untimely disclosure of witnesses); *Young v. Brock*, No. 10-CV-01513-WJM-CBS, 2014 WL 788036, at *3 (D. Colo. Feb. 27, 2014) (excluding untimely disclosed "credibility" witnesses where "Defendant appears to have been less than diligent in formulating his defense").

Accordingly, the Court finds that the Newly Disclosed Witnesses were not timely disclosed as required pursuant to Rule 26 and thus should be excluded unless the failure to disclose was substantially justified or is harmless.

### B. Exclusion under Rule 37(c)

To determine whether Plaintiffs' failure to timely disclose the Newly Disclosed Witnesses was substantially justified or harmless, the Court considers the four *Woodworker's* factors. *Woodworker's Supply, Inc.*, 170 F.3d at 993; *Ortega v. City & Cty. of Denver*, No. 11-CV-02394-WJM-CBS, 2013 WL 1751944, at *2 (D. Colo. Apr. 23, 2013).

Defendant argues that the untimely disclosure of the Newly Disclosed Witnesses "severely prejudices" it. [#68 at 4] Specifically, Defendant contends that it had no knowledge of any of the Newly Disclosed Witnesses prior to the close of fact and expert

discovery and thus has been foreclosed from (1) deposing the Newly Disclosed Witnesses, (2) having its experts consider the testimony of the Newly Disclosed Witnesses, and (3) questioning Plaintiffs' experts about the impact of the Newly Disclosed Witnesses' testimony on their opinions. [#74 at 6-9] The Court agrees that the expense and inconvenience of deposing four additional witnesses—after the completion of expert disclosures and the briefing of dispositive motions—constitutes prejudice to Defendant.

The Court next looks to whether this prejudice may be cured. Trial in this matter is not set to commence until November 27, 2017, over five months away. [#70] The Court thus finds that there is sufficient time for Defendant to depose the Newly Disclosed Witnesses in advance of the trial. Although Defendant would have incurred the expense of these depositions even if the witnesses had been timely disclosed, the Court acknowledges that there may be additional costs and inefficiencies associated with taking the depositions at this late stage in the case, several months after the close of discovery. Similarly, although there is sufficient time to complete four depositions in advance of the trial, the Court recognizes that incorporating the testimony of four additional witnesses into Defendant's trial plan at this stage in the case may prejudice Defendant.

The Court finds insufficient evidence in the record, however, to support Defendant's argument that the disclosure of the Newly Disclosed Witnesses would require Defendant to supplement its expert reports and reopen the depositions of Plaintiffs' experts. Defendant contends that, prior to the close of fact discovery, Plaintiffs properly disclosed seven individuals as having knowledge of the pre-loss

7

condition of their vacation home. [#68 at 5 n.2] Defendant fails to provide the Court with any specific examples of how the testimony of these witnesses was considered by its own experts or used to challenge the opinions of Plaintiffs' experts at deposition. Moreover, neither of the expert reports submitted by Defendant in support of its Motion for Partial Summary Judgment includes reference to any of Plaintiffs' witnesses' testimony concerning the pre-loss condition of the logs. [#54-12 at 4; #54-13 at 3] Nor does either report identify this testimony as one of the sources considered by the expert in formulating his opinions as required by Federal Rule of Civil Procedure 26(a)(2)(B).[2] [#54-12 at 3; #54-13] Given that neither of these expert witnesses appears to have considered the testimony of the previously disclosed witnesses, it is unclear why they would need to consider the testimony of the Newly Disclosed Witnesses on the same topic. Even if the testimony of the previously disclosed witnesses had been considered by the experts, to the extent the testimony of the Newly Disclosed Witnesses is consistent with the testimony of the previously disclosed witnesses, it is unclear to the Court why the testimony of the Newly Disclosed Witnesses would also need to be considered by the experts. Plaintiffs' counsel represented to the Court at the Motion Hearing that Plaintiffs' experts would not rely upon—and their opinions would be unaltered by—the testimony of the Newly Disclosed Witnesses.

Accordingly, the Court finds that the prejudice to Defendant may be cured by reducing the number of Newly Disclosed Witnesses and requiring Plaintiffs to pay the costs associated with the depositions of those witnesses. If, after the completion of

---

[2] Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), expert witnesses must submit an expert report that contains, *inter alia*, "the facts or data considered by the witness in forming" his/her opinions.

these depositions, Defendant continues to believe that the supplementation of its expert reports and/or the reopening of the depositions of Plaintiffs' experts is necessary, the Court may reassess whether additional relief is required to cure any prejudice.

Turning to the third factor, the Court finds that the trial would not be disrupted by the testimony of the Newly Disclosed Witnesses. Neither party argues that a continuance of the trial would be required if the Newly Disclosed Witnesses were permitted to testify. The Court further notes that the length of trial was set after the disclosure of—and based upon a Final Pretrial Order that included—the Newly Disclosed Witnesses. [#65, 70] Any potential disruption to the trial would further be militated by a reduction in the number of Newly Disclosed Witnesses permitted to testify.

With regard to the final factor, Defendant does not argue—and there is no reason to believe—that Plaintiffs' untimely disclosure of the Newly Disclosed Witnesses was undertaken in bad faith. At the Motion Hearing, Defendant argued that Plaintiffs' untimely disclosure was, however, willful in that Plaintiffs were aware of the existence of the Newly Disclosed Witnesses from the outset of the litigation and intentionally chose not to disclose them, because they did not anticipate needing them to testify. The Court finds that Plaintiffs' conduct constitutes a lack of diligence in formulating their litigation strategy rather than bad faith or willfulness. *Young*, 2014 WL 788036, at *3. However, because the Court "cannot encourage" such a lack of diligence, the Court finds this factor neutral. *Id.*

Weighing all the factors, the Court finds that exclusion is not required under Rule 37(c) and striking all four of the Newly Disclosed Witnesses would be too harsh a

sanction. Although Defendant contends that courts in this District "routinely forbid" trial testimony by witnesses disclosed under analogous circumstances [#68 at 7], the only two cases cited by Defendant are readily distinguished. In both *Young* and *Reich*, the trial was less than one month away at the time the court issued its order and thus there was insufficient time remaining to allow the affected party to depose the witnesses before trial. *Young*, 2014 WL 788036, at *3 (noting that trial was set to begin in less than three weeks); *Reich v. Am. Family Mut. Ins. Co.*, No. 14-CV-01482-KLM, 2015 WL 3619862, at *2 (D. Colo. June 9, 2015) (noting that trial was scheduled to commence in less than three weeks and thus that reopening discovery would require prolonging the trial). Indeed, in *Young*, Judge Martinez expressly noted that, had the issue been raised with the court earlier, "perhaps the Court could have reopened discovery for the purpose of allowing Plaintiff to depose the proposed witnesses." *Young*, 2014 WL 788036, at *3. Where, as here, sufficient time remains to allow the untimely disclosed witnesses to be deposed prior to trial, courts in this District routinely allow at least some of the undisclosed witnesses to testify. *Equal Emp't Opportunity Comm'n v. JBS USA, LLC*, No. 10-CV-02103-PAB-KLM, 2016 WL 1039907, at *10 (D. Colo. Mar. 16, 2016) (allowing 30 of 103 untimely disclosed witnesses to testify); *Smith*, 318 F.R.D. at 433 (allowing five of seven untimely disclosed witnesses to testify); *Ortega*, 2013 WL 1751944, at *2 (allowing all four untimely disclosed witnesses to testify).

Although the Court finds that striking all four of the Newly Disclosed Witnesses is too harsh a sanction, the Court finds that some lesser sanction is appropriate both to cure the prejudice that the untimely disclosure of the witnesses otherwise may impose on Defendant and to deter the lack of diligence exhibited by Plaintiffs. At the Motion

Hearing, counsel for Plaintiffs acknowledged that some lesser sanction may be appropriate and expressly recognized striking a lesser number of the Newly Disclosed Witnesses and requiring Plaintiffs to reimburse Defendant for the costs of the depositions of those witnesses and/or for a set amount of expert time necessary to supplement the expert reports as a potential sanction. As explained above, the Court believes that this type of lesser sanction would cure any prejudice Defendant otherwise may suffer as a result of the untimely disclosure of the Newly Disclosed Witnesses. The Court thus **DENIES** the Motion to the extent it requests that all four of the Newly Disclosed Witnesses be stricken. The Court will, however, impose the following lesser sanction: Plaintiffs will be limited to designating only two of the four Newly Disclosed Witnesses and, should Defendant elect to depose those witnesses, Plaintiffs shall be required to reimburse Defendant for the costs of the depositions. If, after the completion of these depositions, Defendant continues to believe it necessary to supplement its expert report(s) and/or to reopen the deposition(s) of Plaintiffs' experts, Defendant may seek additional relief from this Court pursuant to its discovery dispute procedures. *See* Civil Practice Standards, § IV.

**IV.    CONCLUSION**

For the foregoing reasons, this Court **ORDERS** that:

(1)    Defendant's Motion to Strike Untimely Disclosed Trial Witnesses McLean, Tatlah, Wegen, and Michelson [#68] is **GRANTED IN PART** and **DENIED IN PART** as set forth above;

(2) On or before **June 30, 2017**, Plaintiffs shall designate which two of the four Newly Disclosed Witnesses Plaintiffs intend to include on their proposed trial-witness list;

(3) Fact discovery is reopened through **August 10, 2017**, solely for the purpose of Defendant obtaining discovery from or regarding the two Newly Disclosed Witnesses;

(4) Should Defendant elect to depose these witnesses, Plaintiffs shall reimburse Defendant for the costs of the deposition(s).[3] "Costs" in this context means subpoena and/or witness fees, service of process fees, if any, and the reasonable costs charged by a court reporting firm, including, if applicable, the costs associated with videotaping the deposition(s). "Costs" in this context does not include attorneys' fees, travel expenses, copying expenses, or similar charges.

(5) If, after completion of discovery related to the two Newly Disclosed Witnesses, Defendant continues to believe that it is necessary to supplement its expert report(s) and/or to reopen the deposition(s) of Plaintiffs' expert(s), the parties shall confer in good faith to try to reach a mutually agreeable resolution. If the parties are unable to reach an agreement, the Court will resolve the dispute on an expedited basis through its discovery dispute procedures. *See* Civil Practice Standards, § IV.

---

[3] Alternatively, the parties may arrange for Plaintiffs to pay these costs directly.

DATED: June 19, 2017				BY THE COURT:

                     s/Scott T. Varholak
                     United States Magistrate Judge